# IN THE UNITED STATES DISTRICT COURT FOR TENNESSEE
# FOR THE MIDDLE DISTRICT
# NASHVILLE DIVISION

| | |
|---|---|
| DR. LILY MORENO LEFFLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | JURY DEMAND (6) |
| THE METROPOLITAN ) | |
| GOVERNMENT OF NASHVILLE AND ) | |
| DAVIDSON COUNTY, TENNESSEE, ) | |
| AND DR. ADRIENNE BATTLE ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

## PARTIES AND JURISDICTION AND VENUE

1. Plaintiff brings this action against Defendants under 42 U.S.C. §1983 for violations of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America for violations of the Tennessee Teacher Tenure Act, §49-5-501 *et. seq.* Plaintiff also sues The Metropolitan Government of Nashville and Davidson County, Tennessee (MNPS) for discrimination and retaliation under the Tennessee Human Rights Act (THRA), Tenn. Code Ann. §4-21-101 *et. seq.* Jurisdiction is conferred upon the Court by 28 U.S.C. §1331 and the Court has pendant jurisdiction over the state law claims.

2. Plaintiff, Lily Leffler, is a citizen and resident of Williamson County, Tennessee.

3. Defendant, MNPS, is a governmental entity operating a public school system in Nashville, Davidson County, Tennessee.

4. Defendant, Dr. Adrienne Battle, is the Director of Schools for the Defendant, MNPS.

5. The cause of action alleged in this Complaint arose in Davidson County, Tennessee.

**FACTS**

6. Plaintiff, Lily Leffler, is a teacher. She is 50 years old with a date of birth of January 14, 1971.

7. Plaintiff has a Bachelor's Degree in Elementary Education from Belmont University, a Master's Degree in Educational Leadership/Administration and an Ed.D in Leadership and Professional Practice from Trevecca Nazarene University.

8. Plaintiff is certificated.

9. In 1994, MNPS hired Plaintiff as a 6th grade teacher at McKissack Middle School. She worked for MNPS in various teaching positions through 2001.

10. In 2001, Plaintiff took one year off due to the birth of her child and then from July 2002 through 2016, worked for the Williamson County School System first as an assistant principal and then as a principal.

11. In 2016, Lily Leffler returned to MNPS to serve as Executive Director of middle and high schools. In the 2017-2019 school years, Plaintiff was moved to serve as an Executive Director for the Northeast for elementary schools.

12. In the 2019-2020 school year, MNPS moved Plaintiff to be the Executive Director of the Southeast elementary schools.

13. The position of Executive Director is a certificated position.

14. Plaintiff competently performed her job as the Executive Director.

15. MNPS had 13 Executive Directors, including Plaintiff, in the spring of 2020.

16. On April 29, 2020, Chris Barnes, Defendant's Chief of Human Resources, told Plaintiff that her job was being eliminated and she was losing her job as an Executive Director due to the budget and a reorganization.

17. On May 4, 2020, Defendant Battle sent a letter to Plaintiff confirming the April 29, 2020 conversation with Barnes that due to a district reorganization and budget impact, her job as Executive Director would be eliminated effective June 30, 2020.

18. In this letter, Dr. Battle told Plaintiff that she was eligible for rehire should she apply for another position and be selected. If she did not secure another position, she would be fired.

19. Plaintiff's position was not eliminated.

20. MNPS kept the 13 Executive Director positions and added two additional Executive Director positions.

21. MNPS told Plaintiff that she could interview for a position as Executive Director.

22. Plaintiff interviewed for an Executive Director position.

23. The panel interviews for the 2020-2021 Executive Director positions concluded on May 27, 2020.

24. Despite the fact that the interviews had concluded, MNPS interviewed Shawn Lawrence, a principal, on May 29, 2020, and Chad High on June 4, 2020.

25. Then, MNPS hired/promoted/placed 15 individuals into Executive Director positions as follows:

- Steve Ball, Executive Director, Early Learning Centers and Elementary Support
- Dr. Carl Carter, Executive Director, High Schools, South
- Dr. Celia Conley, Executive Director, Middle Schools, North
- Dr. Lendozia Edwards, Executive Director, Schools of Innovation, Middle

3

- Dr. Felicia Everson-Tuggle, Executive Director, Middle School Support and Principal Development
- Dr. Karen Gallman, Executive Director, Montessori, Elementary Support, Principal Development
- Dr. Natalyn Gibbs, Executive Director, Elementary Schools, Northwest
- Dr. Craig Hammond, Executive Director, Middle Schools, South
- Chad High, Executive Director, Elementary Schools, Southwest
- Dr. David Kovach, Executive Director, Elementary Schools, Northeast
- Shawn Lawrence, Executive Director, Elementary Schools, Southeast
- Renita Forbes Perry, Executive Director, Schools of Innovation, Elementary
- Dr. Chaerea "Chae" Snorten, Executive Director, Schools of Innovation, High Schools and Support
- Dr. Schunn Turner, Executive Director, High Schools, North
- Dr. James Witty, Executive Director, Non-Traditional Schools, High School Support

26. Shawn Lawrence, a principal in the district, was promoted into Plaintiff's position.

27. Plaintiff was closely related to an individual who was fired by Defendant in 2018.

28. This relative filed an EEOC Charge and then on August 30, 2018, sued Defendant, MNPS. The complaint contained claims for sexual harassment, hostile work environment and retaliation.

29. Defendant, Dr. Adrienne Battle, stated on several occasions that she questioned Plaintiff's ability to separate her work from the dismissal of her relative and top officials for MNPS would also insinuate that Plaintiff was not on the team.

30. Neither Battle nor these officials questioned Plaintiff's competency to do her job based upon merit.

31. Plaintiff was retaliated against because of her association with her relative constituting associational retaliation.

## VIOLATIONS OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITES STATES OF AMERICA, 42 U.S.C. §1983, AND THE TENNESSEE TEACHER TENURE ACT

32. The Tennessee Teacher Tenure Act allows the School Board to eliminate the position of a certificated worker due to the budget.

33. Defendants violated this law when Plaintiff was fired.

34. Plaintiff is and was certificated.

35. Plaintiff was serving in a certificated position as Executive Director of Student Support and Instruction.

36. Despite claiming Plaintiff's position was eliminated, MNPS did not eliminate Plaintiff's position.

37. MNPS promoted Shawn Lawrence into Plaintiff's job.

38. Further, Defendants did not need to fire Plaintiff due to the budget.

39. MNPS had a budget of $914,475,600 for the 2019-2020 school year.

40. MNPS's Budget was increased $19,176,500 to $933,652,100 for the 2020-2021 school year.

41. At the same time Defendants fired Plaintiff, MNPS was adding jobs and hiring from the outside. Defendant created two new executive director positions and filled positions, which either did not exist or were unfilled in the 2019-2020 school year.

42. For the 2020-2021 school year, Defendant, MNPS, also gave all its employees a 3% pay raise.

43. By law, only the Defendant's School Board is empowered to eliminate the position of a certificated worker pursuant to Tenn. Code Ann. §49-5-511(b).

44. Defendant's School Board did not approve the elimination of Plaintiff's position.

5

45. Both Defendants violated Plaintiff's constitutional right to due process when Battle fired Plaintiff in violation of the Tennessee Teacher Tenure Act.

46. Defendant, MNPS, engages in a custom or tolerance or acquiescence of violating its employees' rights under the Tennessee Teacher Tenure Act, and the Fourteenth Amendment to the Constitution of the United States of America, because employees will have their positions eliminated allegedly due to the budget, while in reality, Defendant has money in the budget for the position, and is hiring for other positions and adding new positions, as well as giving raises.

47. Defendant, Dr. Adrienne Battle, acted under color of state law in engaging in these tenure act violations.

## VIOLATION OF THE TENNESSEE HUMAN RIGHTS ACT

48. Plaintiff served in the position of Executive Director of Student Support and Instruction for four years with good evaluations and was well qualified for this position.

49. Plaintiff was forced to reapply for her job.

50. MNPS hired a 39-year-old male who did not have the experience of Plaintiff. This male had no central office experience and did not have a Doctorate Degree as did Plaintiff.

51. Defendant, MNPS, discriminated against Plaintiff based upon her sex when it did not hire her for this position and hired a less qualified male.

## ASSOCIATIONAL RETALIATION IN VIOLATION OF THE THRA

52. Plaintiff is a close relative to an individual who was wrongfully fired by Defendant and who filed an EEOC charge and then sued Defendant in federal court. This relative's complaint included claims for sex discrimination, hostile work environment and retaliation.

53. Plaintiff's first cousin is married to this individual and it was well known through the district that these two were relatives. They were commonly known as cousins.

6

54. Defendant Battle and top officials questioned Plaintiff's ability to work for the district, not due to any job-related criteria, but solely due to her loyalty to her cousin by marriage.

55. Defendants retaliated against Plaintiff when it fired Plaintiff and failed to rehire her back into her position as Executive Director because of her associational relationship to her first cousin's wife.

## DAMAGES

56. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer emotional pain, suffering, stress, anxiety, loss of enjoyment of life, pain and suffering, humiliation and professional and personal embarrassment, and depression and inconvenience.

57. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages for lost wages, benefits, including pension benefits and front pay.

58. As a result, Plaintiff is entitled to recover her damages, including lost wages, benefits, including pension benefits, compensatory, liquidated, and punitive damages, attorney's fees, costs, interest, and any other legal and equitable relief to which she may be entitled including full salary.

**WHEREFORE, PLAINTIFF PRAYS:**

1. That Plaintiff be granted a judgment against the Defendants for compensatory and other damages suffered by her, including but not limited to, damages for pain and suffering, humiliation and embarrassment, anxiety, loss of enjoyment of life, injury to character and personal injury, back pay, interest on back pay, and lost benefits, including pension and longevity pay.

2. That the Plaintiff be ordered reinstated to her prior position or front pay in lieu thereof, with all accumulated salary rights and benefits as if continuously employed in this position.

3. For full salary.

4. Plaintiff further prays for both liquidated and punitive damages and for pre-judgment interest, attorney's fees, litigation costs, and the cost of this cause.

5. Plaintiff prays for a jury of six to try this cause.

6. Plaintiff prays for such other further relief as may be necessary or appropriate.

Respectfully Submitted,

s/Ann Buntin Steiner
Ann Buntin Steiner, #11697
Steiner & Steiner, LLC
613 Woodland Street
Nashville, TN 37206
(615) 244-5063
*Attorney for Plaintiff, Dr. Lily Leffler*