IN THE UNITED STATES DISTRICT COURT FOR TENNESSEE
FOR THE MIDDLE DISTRICT
NASHVILLE DIVISION

| | |
|---|---|
| DR. LILY MORENO LEFFLER, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>)<br>THE METROPOLITAN )<br>GOVERNMENT OF NASHVILLE AND )<br>DAVIDSON COUNTY, TENNESSEE, )<br>AND DR. ADRIENNE BATTLE )<br>)<br>   Defendants. )<br>) | Case No. 3:21-cv-00038<br>Judge Trauger<br>Magistrate Judge Holmes<br>JURY DEMAND (6) |

## THIRD AMENDED COMPLAINT

## PARTIES AND JURISDICTION AND VENUE

1. Plaintiff brings this action against Defendants under 42 U.S.C. §1983 for violations of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America for violations of the Tennessee Teacher Tenure Act, §49-5-501 *et. seq.* Plaintiff also sues The Metropolitan Government of Nashville and Davidson County, Tennessee (MNPS) for discrimination and retaliation under the Tennessee Human Rights Act (THRA), Tenn. Code Ann. §4-21-101 *et. seq.* violations of the Tennessee Teacher Tenure Act, Tenn. Code Ann. §49-5-511, violation of the Age Discrimination in Employment Act, 29 U.S.C.A. § 621, et. seq. (ADEA) and violation of Title VII of The Civil Rights Act of 1964, 42 U.S.C.S. 2000(e) *et seq.* for associational discrimination/retaliation. Jurisdiction is conferred upon the Court by 28 U.S.C. §1331 and the Court has pendant jurisdiction over the state law claims.

2. Plaintiff, Lily Leffler, is a citizen and resident of Williamson County, Tennessee.

3. Defendant, MNPS, is a governmental entity operating a public school system in Nashville, Davidson County, Tennessee.

4. Defendant, Dr. Adrienne Battle, is the Director of Schools for the Defendant, MNPS.

5. The cause of action alleged in this Complaint arose in Davidson County, Tennessee.

**FACTS**

6. Plaintiff, Lily Leffler, is a teacher. She is 50 years old with a date of birth of January 14, 1971.

7. Plaintiff has a Bachelor's Degree in Elementary Education from Belmont University, a Master's Degree in Educational Leadership/Administration and an Ed.D in Leadership and Professional Practice from Trevecca Nazarene University.

8. Plaintiff is certificated.

9. In 1994, MNPS hired Plaintiff as a 6th grade teacher at McKissack Middle School. She worked for MNPS in various teaching positions through 2001.

10. In 2001, Plaintiff took one year off due to the birth of her child and then from July 2002 through 2016, worked for the Williamson County School System first as an assistant principal and then as a principal.

11. In 2016, Lily Leffler returned to MNPS to serve as Executive Director of middle and high schools. In the 2017-2019 school years, Plaintiff was moved to serve as an Executive Director for the Northeast for elementary schools.

12. In the 2019-2020 school year, MNPS moved Plaintiff to be the Executive Director of the Southeast elementary schools.

13. The position of Executive Director is a certificated position.

14. Plaintiff competently performed her job as the Executive Director.

15. MNPS had 13 Executive Directors, including Plaintiff, in the spring of 2020.

16. On April 29, 2020, Chris Barnes, Defendant's Chief of Human Resources, told all Executive Directors, including Plaintiff, that their jobs as Executive Directors were eliminated due to the budget and a reorganization and they could apply for other open positions.

17. On May 4, 2020, Defendant Battle sent a letter to Plaintiff confirming the April 29, 2020 conversation with Barnes that due to a district reorganization and budget impact, her job as Executive Director was being eliminated effective June 30, 2020.

18. In this letter, Dr. Battle told Plaintiff that she was eligible for rehire should she apply for another position and be selected. If she did not secure another position, she was fired.

18(a). Defendants never told Plaintiff that MNPS was not renewing her contract or transferring her to a different position.

18(b). Defendants' firing of Plaintiff was not due to Defendants' nonrenewing Plaintiff's contract nor was Plaintiff transferred to another position.

18(c). The procedure followed by Defendant MNPS when it non-renews a contract is to send written notification to the employee telling them that their contract is non-renewed and the letter states:

> "[T]his letter constitutes official notification under Tennessee Code Annotated 49-2-301(b)(1)(EE) your employment will be non-renewed for the 20---20-- school year". (Attached hereto as Ex. 1).

18(d). Plaintiff never received a letter stating this.

18(e). Defendants' stated reason for firing Plaintiff, the elimination of Plaintiff's position due to the budget and a reorganization, was not true and was a sham.

19. Plaintiff's position was not eliminated.

3

20. MNPS kept the 13 Executive Director positions and added two additional Executive Director positions.

21. MNPS told Plaintiff that she could interview for a position as Executive Director.

22. Plaintiff interviewed for an Executive Director position.

23. The panel interviews for the 2020-2021 Executive Director positions concluded on May 27, 2020.

24. Despite the fact that the interviews had concluded, MNPS interviewed Shawn Lawrence, a principal, on May 29, 2020, and Chad High on June 4, 2020.

25. Then, MNPS hired/promoted/placed 15 individuals into Executive Director positions as follows:

- Steve Ball, Executive Director, Early Learning Centers and Elementary Support
- Dr. Carl Carter, Executive Director, High Schools, South
- Dr. Celia Conley, Executive Director, Middle Schools, North
- Dr. Lendozia Edwards, Executive Director, Schools of Innovation, Middle
- Dr. Felicia Everson-Tuggle, Executive Director, Middle School Support and Principal Development
- Dr. Karen Gallman, Executive Director, Montessori, Elementary Support, Principal Development
- Dr. Natalyn Gibbs, Executive Director, Elementary Schools, Northwest
- Dr. Craig Hammond, Executive Director, Middle Schools, South
- Chad High, Executive Director, Elementary Schools, Southwest
- Dr. David Kovach, Executive Director, Elementary Schools, Northeast
- Shawn Lawrence, Executive Director, Elementary Schools, Southeast
- Renita Forbes Perry, Executive Director, Schools of Innovation, Elementary
- Dr. Chaerea "Chae" Snorten, Executive Director, Schools of Innovation, High Schools and Support
- Dr. Schunn Turner, Executive Director, High Schools, North
- Dr. James Witty, Executive Director, Non-Traditional Schools, High School Support

26. Shawn Lawrence, a principal in the district, was promoted into Plaintiff's position.

27. Plaintiff was closely related to an individual who was fired by Defendant in 2018.

4

28. This relative filed an EEOC Charge and then on August 30, 2018, sued Defendant, MNPS. The complaint contained claims for violations of Title VII of The Civil Rights Act of 1964, 42 U.S.C.S. 2000(e) *et seq.* and the Tennessee Human Rights Act (THRA), Tenn. Code Ann. §4-21-101 *et seq.* for sexually hostile work environment, retaliation and retaliatory hostile work environment.

29. Defendant, Dr. Adrienne Battle, stated on several occasions that she questioned Plaintiff's ability to separate her work from the dismissal of her relative and top officials for MNPS would also insinuate that Plaintiff was not on the team.

30. Neither Battle nor these officials questioned Plaintiff's competency to do her job based upon merit.

30(a). At a February 2020 meeting, Dr. Battle asked a high-level official, Dr. Cathey, if Plaintiff could "separate her work" from the dismissal of her relative and questioned Plaintiff's "loyalty" to MNPS. Dr. Cathey refused to agree with Dr. Battle about Plaintiff and stated multiple times that Dr. Leffler was a professional who was doing an exceptional job.

30(b). This same type of discussion occurred on multiple occasions.

31. Plaintiff was retaliated against because of her association with her relative when she was fired and also when she was not hired as an Executive Director. This retaliation constitutes associational retaliation.

32. Defendant went through a reduction in force and eliminated positions. A high percentage of the positions eliminated were positions of individuals who engaged in protected activity and/or were eliminated for improper purposes. This reduction in positions was a subterfuge to fire/demote these individuals.

33. Defendant falsely claimed the positions were eliminated due to the budget when most were eliminated for improper purposes.

34. In addition to the Plaintiff's position, four superintendent positions were eliminated. Three had engaged in protected activity. The fourth employee, Ms. Springer, was a good friend of Dr. Battle and she was promoted.

35. The four Associate Superintendent positions that were eliminated were as follows:

(1) Dr. Pippa Meriwether-Eliminated position as the Associate Superintendent and transferred to lower position as a principal – Dr. Meriwether supported and approved Dr. Bailey's actions in disciplining and recommending to fire and to testify against Dr. Battle's brother for his fighting with a parent of a student and mishandling funds.

(2) Dr. Damon Cathey - Eliminated position as the Associate Superintendent and transferred to a lower position as a principal – Dr. Cathey refused to state anything negative about Plaintiff when Dr. Battle asked Dr. Cathey if Plaintiff could "separate her work" from the dismissal of her relative and questioned Dr. Leffler's "loyalty" to MNPS. Dr. Cathey also found grade falsification and recommended termination of the involved party and that the individual be reported to the Tennessee Department of Education.

(3) Schunn Turner- Eliminated position as the Associate Superintendent and transferred to a lower position as an Executive Director. Ms. Turner complained of pay disparity for female workers.

(4) Michelle Maultsby Springer – promoted to Chief of Student Support Services. Ms. Springer had not engaged in protected activity as was a good friend of Dr. Battle.

36. Of the Executive Director positions, thirteen, including Plaintiff's job, existed at the time the position was eliminated. Nine Executive Directors were placed back into Executive Director positions, and two retired. Plaintiff was fired. Defendant also hired two additional Executive Directors.

37. Of the six other employees who lost their jobs, one retired and of the five remaining, three had engaged in protected activity.

38. The other administrative positions eliminated were as follows:

(1) Dr. Sonya Stewart - Eliminated position as Executive Officer of Organizational Development and lost employment with MNPS. Dr. Stewart reported sexual harassment of Dr. Moreno Carrasco.

(2) Jane Doe - Eliminated position as Director of School Choice and demoted to teacher- Ms. Doe reported violations of Title VI.

(3) Dr. James Bailey - Eliminated Dr. James Bailey's position as principal of Whites' Creek High School. Dr. Bailey disciplined and recommended the firing of Dr. Battle's brother for his fighting with a parent of a student and mishandling funds. He also testified in the disciplinary hearing.

39. Defendant used the excuse of the elimination of positions due to the budget to engage in a wholesale elimination of employees who had engaged in protected activity. The alleged reduction in force was a sham to rid MNPS of these individuals.

## **VIOLATIONS OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITES STATES OF AMERICA, 42 U.S.C. §1983, AND THE TENNESSEE TEACHER TENURE ACT**

40. The Tennessee Teacher Tenure Act, Tenn. Code Ann. §49-5-511(b) allows the School Board to eliminate the position of a certificated worker due to the budget.

41. Defendants violated this law when Plaintiff was fired because the alleged elimination of Plaintiff's position was a sham.

42. Plaintiff is and was certificated.

43. Plaintiff was serving in a certificated position as Executive Director of Student Support and Instruction.

44. Despite claiming Plaintiff's position was eliminated, MNPS did not eliminate Plaintiff's position.

45. MNPS promoted Shawn Lawrence into Plaintiff's job.

46. Further, Defendants did not need to fire Plaintiff due to the budget.

47. MNPS had a budget of $914,475,600 for the 2019-2020 school year.

7

48. MNPS's Budget was increased $19,176,500 to $933,652,100 for the 2020-2021 school year.

49. At the same time Defendants fired Plaintiff, MNPS was adding jobs and hiring from the outside. Defendant created two new executive director positions and filled positions, which either did not exist or were unfilled in the 2019-2020 school year.

50. For the 2020-2021 school year, Defendant, MNPS, also gave all its employees a 3% pay raise.

51. By law, only the Defendant's School Board is empowered to eliminate the position of a certificated worker pursuant to Tenn. Code Ann. §49-5-511(b).

52. Tenn. Code Ann. §49-5-511(b) requires that the dismissal of the teacher or nonlicensed employee must be based on their level of effectiveness determined by the evaluation pursuant to §49-1-302 for licensed employees.

52(a). MNPS violated Tenn. Code Ann. §49-5-511(b) because not only did the Board not make this decision, but it was not based upon the level of effectiveness determined by the evaluation pursuant to §49-1-302 for licensed employees.

52(b). Tenn. Code Ann. §49-5-511(a) provides that a teacher can only be dismissed or suspended for incompetence, inefficiency, neglect of duty, unprofessional conduct, and insubordination.

52(c). Under Tenn. Code Ann. §49-5-511(a), teachers are granted procedural rights, including the following (1) that "the charges shall be made in writing, specifically stating the offenses that are charged, and shall be signed by the party or parties making the charges" and (2) if the charges warrant a dismissal of the employee, then "the director of schools shall give the teacher a written notice of this decision, together with a copy of the charges and a copy of a form,

8

which shall be provided by the commissioner of education, advising the teacher as to the teacher's legal duties, rights, and recourse under the terms of this part".

52(d). MNPS violated Tenn. Code Ann. §49-5-511(a) because Plaintiff was fired but she had not engaged in any act of incompetence, inefficiency, neglect of duty, unprofessional conduct, or insubordination.

52(e). MNPS further violated Tenn. Code Ann. §49-5-511(a) because it failed to comply with any of these procedural rights.

52(f). Defendants fired Plaintiff in a sham reduction in force to deprive her of her due process rights under Tenn. Code Ann. §49-5-511(a).

53. Both Defendants violated Plaintiff's constitutional right to due process in that the Board did not make the decision to eliminate the position and the decision was not based upon level of effectiveness determined by the evaluation pursuant to §49-1-302 for licensed employees

54. Defendant, MNPS, engages in a custom or tolerance or acquiescence of violating its employees' rights under the Tennessee Teacher Tenure Act, and the Fourteenth Amendment to the Constitution of the United States of America, because employees will have their positions eliminated allegedly due to the budget, while in reality, Defendant has money in the budget for the position, and is hiring for other positions and adding new positions, as well as giving raises.

55. Defendant, Dr. Adrienne Battle, acted under color of state law in engaging in these tenure act violations.

55(a). Defendants violated clearly established rights of the Plaintiff as established by case law and statute.

55(b). Defendants engaged in these constitutional violations to engage in its discrimination and associational retaliation against Plaintiff as set forth below.

## VIOLATION OF THE TENNESSEE HUMAN RIGHTS ACT AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT

56. Plaintiff served in the position of Executive Director of Student Support and Instruction for four years with good evaluations and was well qualified for this position.

57. Plaintiff was forced to reapply for her job.

58. MNPS hired a 39-year-old male who did not have the experience of Plaintiff. This male had no central office experience and did not have a Doctorate Degree as did Plaintiff.

59. Defendant, MNPS, discriminated against Plaintiff based upon her sex and age when it did not hire her for this position and hired a less qualified younger male.

59(a). Plaintiff received her Right to Sue Letter from the EEOC on May 4, 2021. (Attached hereto).

## ASSOCIATIONAL RETALIATION/DISCRIMINATION IN VIOLATION OF THE THRA AND TITLE VII

60. Plaintiff is a close relative to an individual who was wrongfully fired by Defendant and who filed an EEOC charge and then sued Defendant in federal court. The relative's complaint contained claims for violations of Title VII of The Civil Rights Act of 1964, 42 U.S.C.S. 2000(e) *et seq.* and the Tennessee Human Rights Act (THRA), Tenn. Code Ann. §4-21-101 *et seq.* for sexually hostile work environment, retaliation and retaliatory hostile work environment.

61. Plaintiff's first cousin is married to this individual and it was well known through the district that these two were relatives. They were commonly known as cousins.

62. Defendant Battle and top officials questioned Plaintiff's ability to work for the district, not due to any job-related criteria, but solely due to her loyalty to her cousin by marriage.

62(a). Plaintiff was competently performing her job for Defendant, MNPS.

63. Defendants retaliated/discriminated against Plaintiff when it fired Plaintiff and failed to rehire her back into her position as Executive Director because of her associational relationship to her first cousin's wife.

63(a). Defendant, MNPS, knew of the participation of Plaintiff's relative, in a protected activity, the relative's discrimination lawsuit and EEOC charge.

63(b). MNPS took a materially adverse employment action against Plaintiff that would deter a reasonable employee from making a charge of employment discrimination.

63(c). There was a causal connection between the protected activity and the adverse employment action, the firing of Plaintiff and the failure to rehire Plaintiff as an Executive Director.

63(d). Plaintiff received her Right to Sue Letter from the EEOC on May 4, 2021. (Attached hereto).

## DAMAGES

64. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer emotional pain, suffering, stress, anxiety, loss of enjoyment of life, pain and suffering, humiliation and professional and personal embarrassment, and depression and inconvenience.

65. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages for lost wages, benefits, including pension benefits and front pay.

66. As a result, Plaintiff is entitled to recover her damages, including lost wages, benefits, including pension benefits, compensatory, liquidated, and punitive damages, attorney's

fees, costs, interest, and any other legal and equitable relief to which she may be entitled including full salary.

**WHEREFORE, PLAINTIFF PRAYS:**

1. That Plaintiff be granted a judgment against the Defendants for compensatory and other damages suffered by her, including but not limited to, damages for pain and suffering, humiliation and embarrassment, anxiety, loss of enjoyment of life, injury to character and personal injury, back pay, interest on back pay, and lost benefits, including pension and longevity pay.

2. That the Plaintiff be ordered reinstated to her prior position or front pay in lieu thereof, with all accumulated salary rights and benefits as if continuously employed in this position.

3. For full salary.

4. Plaintiff further prays for both liquidated and punitive damages and for pre-judgment interest, attorney's fees, litigation costs, and the cost of this cause.

5. Plaintiff prays for a jury of six to try this cause.

6. Plaintiff prays for such other further relief as may be necessary or appropriate.

Respectfully Submitted,

s/*Ann Buntin Steiner*
Ann Buntin Steiner, #11697
Steiner & Steiner, LLC
613 Woodland Street
Nashville, TN 37206
(615) 244-5063
*Attorney for Plaintiff, Dr. Lily Leffler*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 6, 2021, a copy of Plaintiff's Third Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows: J. Brooks Fox, Department of Law, Metropolitan Courthouse, Suite 108, P.O. Box 196300, Nashville, Tennessee 37219. Parties may access this filing through the Court's electronic filing system.

                                      s/*Ann Buntin Steiner*
                                      Ann Buntin Steiner